UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SEAN EDWARD HARRIS,<br><br>                Plaintiff,<br><br>   vs.<br><br>SARGEANT HOUSTON, Sargeant at Pennington County Jail, and C/O MOORE, Correction Officer at Pennington County Jail,<br><br>                Defendants. | CIV. 14-5013-JLV<br><br>ORDER |

## INTRODUCTION

Plaintiff Sean Harris, a prisoner at the Pennington County Jail, filed a complaint under 42 U.S.C. § 1983 against the defendants on March 3, 2014. (Docket 1). The summons was served on defendant Moore on April 22, 2014, and on defendant Houston on April 25, 2014. (Dockets 18, 19, 20 & 21). On May 22, 2014, plaintiff filed a motion for default judgment against both defendants.[1] (Docket 24). On July 10, 2014, the Clerk of Court filed an entry of default in favor of plaintiff and against the defendants pursuant to Fed. R. Civ. P. 55. (Docket 25). Copies of the entry of default were mailed to the defendants the same day.

On July 14, 2014, defendants filed a motion to set aside the Clerk's entry of default and a motion for leave to file an answer to the complaint. (Dockets 27

---

[1] Defendants were not served with plaintiff's motion. (Docket 24).

& 29).  Defendants' motion to set aside default is made "because the Defendants' conduct was not culpable, Defendants have meritorious defenses to the allegations in the Complaint, and setting aside the entry of default would not prejudice Mr. Harris."  (Docket 36 at p. 1).  For the reasons stated below, defendants' motions to set aside default and to file an answer out of time are granted.

## DISCUSSION

"When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a) [a complaint], entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."  <u>Johnson v. Dayton Electric Manufacturing Company</u>, 140 F.3d 781, 783 (8th Cir. 1998).  In the event a defendant fails to timely file an answer or other responsive pleading, "the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  Rule 60 allows the court to set aside a "final judgment, order, or proceeding" for a limited number of reasons.  Fed. R. Civ. P. 60(b).  Those reasons, relevant to this particular case, are:

>  (1)  mistake, inadvertence, surprise, or excusable neglect; [and]
>  . . .
>  (6)  any other reason that justifies relief.

<u>Id.</u>

"Rule 55(c) provides that the district court may set aside an entry of default '[f]or good cause shown,' and may set aside a default judgment 'in accordance

2

with Rule 60(b).'  Although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, '[m]ost decisions . . . hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere default order.' "  Johnson, 140 F.3d at 783 (citing Connecticut National Mortgage Co. v. Brandstatter, 897 F.2d 883, 885 (7th Cir. 1990)).  "This is a sound distinction.  There is a 'judicial preference for adjudication on the merits,' and it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits."  Id. (citing Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993)).

"When examining whether good cause exists, the district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.' "  Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008) (citing Johnson, 140 F.3d at 784).  The court will examine these three factors separately.

**CONDUCT OF THE DEFENDANTS**

"In deciding whether to set aside a default judgment for 'excusable neglect,' a district court ought not to focus narrowly on the negligent act that caused the default and ask whether the act was itself in some sense excusable.  Instead, the court should take account of 'all relevant circumstances surrounding the party's omission . . . .' "  Union Pacific Railroad Company v.

3

Progress Rail Services Corporation, 256 F.3d 781, 782 (8th Cir. 2001) (citing Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993)).  "The inquiry is essentially an equitable one, and the district court is required to engage in a careful balancing of multiple considerations, including 'the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith . . . .' "  Id. (citing Pioneer Investment Services Co., 507 U.S. at 395).  The United States Court of Appeals for the Eighth Circuit "[has] consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines.  We have rarely, if ever, excused the former."  Johnson, 140 F.3d at 784.  "But . . . have often granted Rule 55(c) and Rule 60(b) relief for marginal failures when there were meritorious defenses and an absence of prejudice."  Id.

     In support of the motion to set aside default, defendants filed an affidavit of Brian Mueller, Chief Deputy in the Pennington County Sheriff's Office.  (Docket 30).  Chief Deputy Mueller testified that when he received the Clerk's entry of default he "immediately began to investigate why an answer had not been filed in a timely manner."  Id. at p. 1.  Chief Deputy Mueller testified:

> [He] discovered the Plaintiff's Complaint and the Summons served on the Defendants in a mailbox between some routine paperwork that was to be filed at a later date.  The routine paperwork was not

> a high priority but was some miscellaneous papers that needed to be filed in a different building.  Somehow the lawsuit papers got mingled with those other papers.  Neither Sargeant Houston nor Correctional Officer Moore are in any way responsible for what happened.

Id.

The court finds defendants Houston and Moore are neither novices nor uneducated in the litigation process.   They are both law enforcement officers who should be trained and capable of understanding their legal obligations once served with a summons and complaint in a civil lawsuit.   The method chosen by the Pennington County Sheriff's Office to bring the service of process to the attention of the leadership of the Sheriff's Office in this instance was not acceptable, but the court finds it was not "careless . . . contumacious . . . [or] exhibiting an intentional flouting or disregard of the court or its procedures . . . ." Johnson, 140 F.3d at 784-85.   While the court "do[es] not approve of this sort of cavalier approach to litigation, . . . [defendants are] guilty of only a marginal failure for which relief from default should be granted *if* [they have] a meritorious defense and [plaintiff] will not suffer significant prejudice."   Id. (emphasis in original).

**EXISTENCE OF A MERITORIOUS DEFENSE**

"[T]he existence of a meritorious defense continues to be a relevant factor after Pioneer.   Such a showing underscore[s] the potential injustice of allowing the case to be disposed of by default, . . . thus triggering the incessant command of a court's conscience that justice be done in light of all the facts."   Johnson, 140 F.3d at 784 (internal citations and quotation marks omitted).   "Whether a

5

meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party." Stephenson, 524 F.3d at 914 (citing Johnson, 140 F.3d at 785) (internal quotation marks and other citations omitted). "The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." Id. (internal citation and quotation marks omitted).

Defendants' brief (Docket 36) and supporting affidavits (Dockets 37 & 38) articulate defendants' potentially meritorious defense. In count I, Mr. Harris claims another inmate had methamphetamine on his person in their shared jail cell. (Docket 1 at p. 4). Mr. Harris alleges that after reporting this unlawful conduct he was physically, emotionally and psychologically harassed by jail staff. Id. Defendants claim they have meritorious defenses to count I. Those are: "[f]irst, [Mr. Harris] failed to exhaust available administrative remedies; second, he did not allege any physical injury; and third, [the] allegation simply does not satisfy the constitutional standard for a claim." (Docket 36 at p. 6).

Defendants assert the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), bars Mr. Harris' claim because he failed to exhaust the administrative remedies available to him at the jail. Id. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). According to the defendants, Mr. Harris did not file a grievance with the Pennington County Jail and therefore

6

could not have exhausted the administrative remedies available to him. (Docket 36 at p. 7) (referencing Docket 37).

In count II, it is alleged another inmate placed soap in Mr. Harris' cup because he was a whistleblower. (Docket 1 at p. 5). Defendants assert Mr. Harris' claim is barred by the PLRA because he did not file a grievance and exhaust the administrative remedies available through the jail. (Docket 36 at p. 9). Defendants also allege the complained-of-conduct fails to satisfy the objectively serious injury requirement of Farmer v. Brennan, 511 U.S. 825, 834 (1994). Id. To constitute a meritorious constitutional claim requires that an injury "must be, objectively, 'sufficiently serious' . . . ." Farmer, 511 U.S. at 834 (internal citation omitted). "For a claim . . . based on a failure to prevent harm, the inmate must show he was incarcerated under conditions posing a substantial risk of serious harm." Id.

In count III, Mr. Harris alleges defendant Houston "opened the maintenance boxes and allowed the inmates to smoke me out of my cell." (Docket 1 at p. 5). Defendants deny the conduct alleged, but assert that even if defendant Houston engaged in the complained-of-conduct, Mr. Harris was not exposed to an "objectively sufficient serious risk of substantial harm to [his] health or safety." (Docket 36 at p. 11) (referencing Farmer 511 U.S. at 833-34).

Count III further alleges defendant Moore directed or authorized another inmate to do something to Mr. Harris because he was a snitch. (Docket 1 at p. 5). Defendants deny the conduct alleged, but assert that even if this conduct

7

occurred, Mr. Harris suffered no physical injury and did not file a grievance as required by the PLRA. (Docket 36 at p. 11).

Count III finally alleges that Mr. Harris was subject to a delay in medical treatment for a hand injury. (Docket 1 at p. 6). Defendants assert Mr. Harris did not disclose any injury to his hand or request medical care until several days later. (Docket 36 at p. 12). Defendants assert the same day Mr. Harris made a "sick call," he was seen by the jail's nurse, an x-ray was taken and it was determined no structural injury occurred. Id. at pp. 12-13 (referencing Dockets 37 & 38). Defendants claim Mr. Harris was authorized ibuprofen or Tylenol for pain that same day. Id. at p. 13.

Defendants provided sufficient "factual support to illustrate the potential viability of [their] asserted defenses." Stephenson, 524 F.3d at 914. If defendants' filings are accurate, "the proffered evidence would permit a finding for the defaulting party." Id. (internal quotation marks omitted).

**PREJUDICE TO PLAINTIFF**

Plaintiff did not respond to defendants' motion to set aside entry of default. Evaluating the nature of plaintiff's claims and the continuing availability of documentary evidence and witnesses who remain available to testify on the jail procedures employed, the court does not see any material prejudice to the plaintiff. "[D]elay alone, or the fact the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff. . . . Setting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or

8

greater opportunities for fraud and collusion.' " Stephenson, 524 F.3d at 914 (internal citation omitted).

## CONCLUSION

The court finds "good cause exists" and the three Stephenson factors weigh in favor of granting defendants' motion to set aside default (Docket 27) and granting their motion to file an answer out of time (Docket 29). Stephenson, 524 F.3d at 912.

## ORDER

Based on the above analysis, it is hereby

ORDERED that defendants' motions to set aside default (Docket 27) and to file an answer out of time (Docket 29) are granted.

IT IS FURTHER ORDERED that the entry of default (Docket 25) is vacated.

IT IS FURTHER ORDERED that defendants' answer to the complaint must be filed by **April 6, 2015**.

Dated March 23, 2015.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE