UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SEAN EDWARD HARRIS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SARGEANT HOUSTON, Sargeant at Pennington County Jail, and<br>C/O MOORE, Correction Officer at Pennington County Jail,<br><br>　　　　　Defendants. | CIV. 14-5013-JLV<br><br><br>AMENDED ORDER |

**INTRODUCTION**

　　Plaintiff Sean Harris, then a prisoner at the Pennington County Jail, filed a complaint under 42 U.S.C. § 1983 against the defendants on March 3, 2014. (Docket 1).  Defendants filed their answer to the complaint.  (Docket 40). Defendants assert affirmative defenses of failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a); and failure to comply with the notice requirements of SDCL § 3-21-1 *et seq.*, on plaintiff's state claims.　Id.　By an order dated April 13, 2015, the court directed the defendants to file a motion for summary judgment by May 4, 2015, with Mr. Harris' response due on or before May 26, 2015.　(Docket 42).　The Clerk of Court mailed a copy of the court's order to Mr. Harris at his address of record. On April 20, 2015, plaintiff's mail was returned as undeliverable with no forwarding address for Mr. Harris.　(Docket 43).

Defendants timely filed their motion for summary judgment with supporting documentation. (Dockets 44-48). On July 14, 2015, defendants filed a motion for judgment and a motion for involuntary dismissal of plaintiff's complaint for failure to prosecute the claim. (Dockets 49 & 50). In support of the motions, defendants report all their filings which had been mailed to Mr. Harris during the course of this litigation have been returned as undeliverable and Mr. Harris left no forwarding address. (Dockets 51, 51-1, 51-2 & 51-3). Defendants' counsel also indicates Mr. Harris has never provided any other address. (Docket 51 ¶ 7).

Mr. Harris's *pro se* status does not entitle him to disregard the Federal Rules of Civil Procedure. Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002). *Pro se* litigants "must comply with court rules and directives." Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005). However, Mr. Harris' failure to respond to defendants' motion for summary judgment "does not automatically compel resolution of [the motion] in favor of [defendants]." United States v. One Parcel of Real Prop., 27 F.3d 327, 329 n.1 (8th Cir. 1994); see also Canada v. Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir. 1997) ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive."); Soliman, 412 F.3d at 922 (determining whether summary judgment was appropriate on the merits despite a plaintiff's failure to respond to a defendant's summary judgment motion). See also Fed. R. Civ. P. 41(b); Burgs v. Sissel, 745 F.2d 526,

528 (8th Cir. 1984) ("A district court has [the] power to dismiss an action for refusal of the plaintiff to comply with any order of court, Fed. R. Civ. P. 41(b), and such action may be taken on the court's own motion.").

    The court need not reach the merits of defendants' motions and declines to do so.  The court had no duty to advise a plaintiff of his obligation to respond to defendants' motions and the procedure for doing so.  See Bennett, 295 F.3d at 808 (holding the district court did not have an affirmative duty to advise a *pro se* litigant of the date by which he was to respond to a motion); Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001) (holding the district court was not required to instruct a *pro se* litigant on how to properly respond to a motion for summary judgment).  "A district court has discretion to dismiss an action under [Fed. R. Civ. P. 41(b)] for a plaintiff's failure to prosecute, or to comply with Federal Rules of Civil Procedure or any court order."  Henderson v. Renaissance Grand Hotel, 267 Fed. App'x 496, 497 (8th Cir. 2008) (citations omitted); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (holding a district court may dismiss an action under Rule 41(b) on its own initiative and "without affording notice of its intention to do so or providing an adversary hearing before acting[,]" and recognizing a district court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases[]").  The court finds dismissal of Mr. Harris' complaint is appropriate given his disregard of the Federal Rules of Civil Procedure and the court's local rules.

The court next must determine whether the dismissal of Mr. Harris' complaint should be with or without prejudice. "Dismissal with prejudice is an extreme sanction and should be used in cases of willful disobedience of a court order or continued persistent failure to prosecute a complaint." Givens v. A.H. Robins Co., Inc., 751 F.2d 261, 263 (8th Cir. 1984). The court finds based on the posture of this case that dismissal of Mr. Harris' complaint without prejudice is appropriate. Pursuant to Rule 41(b) and the court's inherent authority, it is

ORDERED that plaintiff's complaint (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (Docket 44) is denied as moot.

IT IS FURTHER ORDERED that defendants' motion for judgment (Docket 50) is denied as moot.

IT IS FURTHER ORDERED that defendants' motion for involuntary dismissal (Docket 50) is denied as moot.

Dated July 30, 2015.

                                BY THE COURT:

                                /s/ *Jeffrey L. Viken*
                                JEFFREY L. VIKEN
                                CHIEF JUDGE